UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 18-199 |
| v. | * | SECTION: "E" |
| JEFFERY B. MONTALBANO | * | |

*     *     *

## FACTUAL BASIS

The defendant, **JEFFERY B. MONTALBANO**, (hereinafter, the "defendant" or "MONTALBANO"), has agreed to plead guilty as charged to the Bill of Information now pending against him, charging him with making false statements in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2). Both the Government and the defendant, **JEFFERY B. MONTALBANO**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the defendant:

**Background**

The Government would show that **MONTALBANO** was a resident of Mandeville, Louisiana, within the Eastern District of Louisiana. **MONTALBANO** was the president of an entity called JBM Oil Sales. In about July 2013, **MONTALBANO** was hired by the Office of the District Attorney for the 22nd Judicial District (District Attorney's Office). The District Attorney's Office was responsible for, among other things, enforcing the laws of the State of

Page **1** of **5**

AUSA
Defendant
Defense Counsel

Louisiana within 22nd Judicial District, which comprised the approximately 300,000 residents of St. Tammany and Washington Parishes, and prosecuting criminal conduct within the 22nd Judicial District.

The Government would further establish that from about February 2013 to April 2018, **MONTALBANO** was employed by the District Attorney's Office as an investigator in the domestic violence unit and worked primarily out of its Covington, Louisiana office.   While employed as an Investigator with the DA's Office, **MONTALBANO** was responsible for collecting and preparing evidence in domestic violence investigations and trials and coordinating witness and victim testimony.

The Government would further admit documentary evidence that the Federal Bureau of Investigation ("FBI") was an agency within the executive branch of the Government of the United States.

The Government would further admit documentary evidence and the testimony of Special Agents with the Federal Bureau of Investigation that on January 23, 2018, **MONTALBANO** agreed to be interviewed by agents from the FBI ("January 23 voluntary interview").   The interview took place at 3601 Highway 190, Mandeville, Louisiana, within the Eastern District of Louisiana.   At the time of the interview, the FBI had an open investigation into approximately $20,000 paid by a Defendant ("Defendant A") in a criminal matter pending in the 22nd Judicial District to **MONTALBANO'S** associate ("Person 1"), including the nature of the payment and whether **MONTALBANO** took official action to benefit Defendant A in an ongoing criminal matter in exchange for receiving the payment ("the investigation").   The matter was within the jurisdiction of the FBI and the executive branch of the Government of the United States.

The Government would further establish, through the testimony of Special Agents with the

Page **2** of **5**

AUSA ___JG___
Defendant _____
Defense Counsel _____

FBI, that during the January 23 voluntary interview with FBI agents, **MONTALBANO** made materially false statements and omissions related to the open investigation. Specifically, in response to questions posed by FBI agents, **MONTALBANO** stated that neither he, nor Person 1, received any money from Defendant A. **MONTALBANO** also falsely stated that he had no idea that federal agents had come to the District Attorney's Office in about late 2015 to investigate the allegation that **MONTALBANO** had received money from Defendant A in exchange for using his influence to benefit Defendant A. In truth and in fact, however, **MONTALBANO** then and there knew that the following had occurred:

a.      On or about November 22, 2013, Defendant A wrote and gave to Person 1 a check in the amount of $10,000.

b.      On or about November 26, 2013, Person 1 wrote and gave to **MONTALBANO** a check made out to JBM Oil Sales in the amount of $5,000, half of the money Person 1 received from Defendant A.

c.      On or about December 30, 2013, Defendant A wrote and gave to Person 1 a check in the amount of $10,000.

d.      On or about December 30, 2013, Person 1 wrote and gave to **MONTALBANO** a check made out to JBM Oil Sales in the amount of $5,000, half of the money Person 1 received from Defendant A.

e.      On about October 8, 2015, Special Agents with the FBI visited the District Attorney's Office and interviewed one of **MONTALBANO'S** colleagues regarding **MONTALBANO'S** conduct during the prosecution of Defendant A. **MONTALBANO** was aware of the falsity of his statement during the January 23 voluntary interview because in a conversation with

Page **3** of **5**

AUSA _____

Defendant _____

Defense Counsel _____

Person 1 on December 29, 2016, **MONTALBANO** said that he remembered FBI agents coming to the District Attorney's Office "over a year ago" and mentioned that he had approached his supervisors after FBI agents conducted the interview to explain his conduct with respect to Defendant A.

The Government would further establish, through the testimony of Special Agents with the FBI, that **MONTALBANO'S** false statements and omissions impeded and otherwise had a material impact on the investigation. Specifically, the false statements impeded the Special Agents from determining whether (1) payments from Defendant A were in exchange for beneficial action for Defendant A and (2) **MONTALBANO** communicated truthfully with his supervisors.

AUSA _____
Defendant _____
Defense Counsel _____

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, Special Agents from the Federal Bureau of Investigation, representatives of numerous financial institutions, documents and tangible exhibits in the custody of the Federal Bureau of Investigation, and statements made by the defendant, **JEFFERY B. MONTALBANO**.

**APPROVED AND ACCEPTED:**

_____
JEFFERY B. MONTALBANO
Defendant

_____
VINCENT F. WYNNE, JR.
Attorney for Defendant Montalbano
Bar Roll No. 25309

_____
JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar Roll No. 6282956